The FOUKE COMPANY, a Delaware Corporation, and Gary's Leather Creations, Inc., a California Corporation, Plaintiffs,

v.

Edmund G. BROWN, Jr., Governor and Evelle J. Younger, Attorney General, Defendants.

No. Civ. S–78–398 PCW.

United States District Court, E. D. California.

Jan. 15, 1979.

Donald M. Pach, Donald M. Pach, Inc., Sacramento, Cal., Wayne B. Wright, Mc-Donald, Wright & Bryan, St. Louis, Mo., for plaintiffs.

Evelle J. Younger, Atty. Gen. by R. H. Connett, Asst. Atty. Gen., Raymond H. Williamson, Deputy Atty. Gen., Sacramento, Cal., for defendants.

## FINAL SUMMARY JUDGMENT

WILKINS, District Judge.

This cause coming on to be heard on Plaintiffs' Motion for Summary Judgment supported by affidavit and brief, and the Defendants having filed no affidavits in contravention of the affidavit of Plaintiffs, and the Court being of the opinion that there are no disputed issues of fact, this Court finds as follows:

Plaintiffs bring this action for a declaratory judgment that California Penal Code Sec. 653o is unconstitutional and that Defendants be restrained from enforcement thereof. California Penal Code Section 653r should also be considered.

California Penal Code, Sec. 653o provides as follows:

*Animals; Endangered Species; prohibited imports.*

It is unlawful to import into this state for commercial purposes, to possess with intent to sell, or to sell within the state, the dead body or any part or product thereof, of any alligator, crocodile, polar bear, leopard, ocelot, tiger, cheetah, jaguar, sable antelope, wolf (Canus lupus), zebra, whale, cobra, python, sea turtle, colobus monkey, kangeroo, vicuna, sea otter, free-roaming feral horse, dolphin or porpoise (Delphinidae) or Spanish lynx.

Any person who violates any provision of this section is guilty of a misdemeanor and shall be subject to a fine of not less than One Thousand Dollars ($1,000.00) and not to exceed Five Thousand Dollars ($5,000.00) or imprisonment in the county jail not to exceed six (6) months, or both such fine and imprisonment, for each violation.

California Penal Code, Sec. 653r provides as follows:

*Sale of Endangered Species; Misdemeanor.*

Notwithstanding the provisions of Sec. 3 of Chapter 1557 of the statutes of 1970, it shall be unlawful to possess with intent to sell, or to sell, within this State, after June 1, 1972, the dead body, or any part or product thereof, of any fish, bird, amphibian, reptile, or mammal specified in Sec. 653o or 653p.

Plaintiff The Fouke Company is a corporation organized under the laws of the State of Delaware with its principal office and processing plant located in Greenville County, South Carolina, where it is engaged in the business of processing, tanning, and marketing hides of alligators and other reptiles.

Plaintiff Gary's Leather Creations, Inc. is a California corporation with its principal office and manufacturing plant located in Los Angeles County, California, where it is engaged in the business of fabricating animal hides into wallets, handbags, and articles of specialty goods.

Plaintiff The Fouke Company has for approximately three years been purchasing the hides of American alligators (Alligator mississippiensis) in the states of Louisiana and Florida, processing and tanning the hides therefrom in its plant in South Carolina, and selling them to fabricators located in various states other than the State of California.

Subsequent to the enactment of California Penal Code Sections 653o and 653r, The Fouke Company has offered, and it desires in the future to offer, processed alligator

hides for sale directly to fabricators in California, including plaintiff Gary's Leather Creations, Inc. Fabricators of alligator products in various other states (who are customers of Fouke) also desire to sell alligator hides to wholesale dealers and retail dealers in the State of California for resale to consumers. No one is able to make sales to a California buyer because of said statutes. Wholesalers and retailers as well as fabricators in California know of said California Penal Code Sections and feel that they cannot purchase alligator products because of them. As a result, products of American alligator hides are not now sold or distributed in the State of California, resulting in economic loss and damage to Plaintiffs. Prior to the adoption of said Sections 653o and 653r, tanned and processed American alligator hides were regularly imported into California, fabricated into consumer products in California, and sold to customers within California.

■ The U.S. Endangered Species Act of 1973 (87 Stat. 884 et seq., 16 U.S.C. §§ 1531–1543) was enacted to provide for conservation of domestic and endangered species of fish and wildlife through federal action and through cooperation with state endangered species conservation programs consistent with the federal law.

The Secretary of the Interior, acting on authority of said statutes, has issued detailed regulations with respect to the taking, buying, and tanning of the American alligator (alligator mississippiensis) and the fabricating of products therefrom. See 50 C.F.R. § 17.42. The Fouke Company holds a license, issued by the Fish and Wildlife Service of the Department of Interior pursuant to said regulations, which authorizes Fouke, as a buyer, tanner, and fabricator of American alligator hides, to purchase, possess, sell or otherwise transfer, and ship (but not export) green and tanned hides and to manufacture said hides into various products.

Sec. 6(f) of the U.S. Endangered Species Act of 1973 [16 U.S.C. § 1535(f)] provides, under the heading "Conflicts Between Federal and State Laws":

(f) Any State law or regulation which applies with respect to the importation or exportation of, or interstate or foreign commerce in, endangered species or threatened species is void to the extent that it may effectively (1) permit what is prohibited by this chapter or by any regulation which implements this chapter, or (2) prohibit what is authorized pursuant to an exemption of permit provided for in this chapter or in any regulation which implements this chapter. This chapter shall not otherwise be construed to void any State law, or regulation which is intended to conserve migratory, resident, or introduced fish or wildlife, or to permit or prohibit sale of such fish or wildlife. Any State law or regulation respecting the *taking* of any endangered species or threatened species may be more restrictive than the exemptions or permits provided for in this chapter or in any regulation which implements this chapter, but not less restrictive than the prohibition so defined. (Emphasis added)

Thus, California Penal Code Sec. 653o and Sec. 653r purport to prohibit what is authorized pursuant to an exemption or permit provided for by the U.S. Endangered Species Act and regulations implementing it.

■ This Court has jurisdiction of this matter under 28 U.S.C. §§ 1331 and 1337. Both plaintiffs have standing to bring this action under the general rules of standing.

In addition, this Court has jurisdiction and Fouke has standing to bring this suit under the provisions of the U.S. Endangered Species Act of 1973. Section 11(g) thereof [16 U.S.C. § 1540(g)] authorizes any person to commence a civil suit on his own behalf to enjoin any person, including the United States and any other governmental instrumentality, alleged to be in violation of any provision of the Act. Section 11(c) [16 U.S.C. § 1540(c)] provides that the several District Courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce any such provision or regulation, as the case may be.

The Court finds that plaintiff The Fouke Company more than sixty days prior to the date hereof gave written notice to the Secretary of the Interior and to the defendants herein that the U.S. Endangered Species Act of 1973 was being violated by defendants and also finds that no action has been commenced by the Secretary of Interior or by the United States to redress a violation of the Act related to the violations involved here.

■ It is the opinion of the Court that California Penal Code Sections 653*o* and 653r are in direct conflict with the U.S. Endangered Species Act of 1973, particularly Section 6 of said Act.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' motion for summary judgment is hereby granted in the following respects:

1. Pursuant to the Supremacy Clause of the United States Constitution (Article VI, Clause 2), California Penal Code Section 653 *o* and 653r are declared unconstitutional and unenforceable as applied to American alligator (alligator mississippiensis) hides unless the same are taken, bought, tanned, or fabricated in contravention of the U.S. Endangered Species Act of 1973 (16 U.S.C. § 1531–1543) or regulations promulgated by the Secretary of Interior of the United States implementing said Act, or in contravention of the terms and conditions of a permit or exemption issued pursuant to said act or regulations.

2. Defendants, their agents, employees, and representatives are hereby permanently enjoined from enforcing California Penal Code Sections 653*o* and 653r as applied to American alligator (alligator mississippiensis) hides unless the same are taken, bought, tanned, or fabricated in contravention of the U.S. Endangered Species Act of 1973 (16 U.S.C. § 1531–1543) or regulations promulgated by the Secretary of Interior implementing said Act, or in contravention of the terms and conditions of a permit or exemption issued pursuant to said act or regulations.